IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEIK TEHUTI,<br>　　Plaintiff,<br><br>v.<br><br>CRAIG SMITH, et al.,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:21-cv-00370-X (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Sheik Tehuti against Christopher Collie, Meredith Colven, Tran Colven, Cyrus Raoufpur, John Ivie, III, and the Honorable Craig Smith.[1] The Court granted Tehuti leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. Ord. (ECF No. 8). For the reasons stated, the Court recommends dismissing Tehuti's lawsuit under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

## Background

Tehuti is no stranger to the courts. On December 20, 2012, a judge of this Court dismissed his seventh *pro se* civil action and warned Tehuti that it would impose sanctions if he persists in filing lawsuits over which the Court lacks subject matter jurisdiction. J. (ECF No. 28), *Tehuti, et al. v. CitiMortgage, Inc., et al.*, No.

---

[1] Justice Craig Smith, incorrectly identified by Tehuti as "Magistrate Judge Smith" was elected to the Texas Fifth District Court of Appeals on November 3, 2020. Prior to his election to the Court of Appeals, he was the Presiding Judge of the 192nd Civil District Court in Dallas County.

3:12-cv-3748-P. Undeterred, Tehuti filed two more civil actions in the Fort Worth division, *see Tehuti v. Zientz*, No. 4:16-cv-00187-Y and *Tehuti v. Zientz et al.*, 4:16-cv-00849-A, and attempted to remove a third case to this division, *Trans-Atlas Financial Inc v. Tehuti*, No. 3:16-cv-00378-D-BH. After a four-year absence, he filed this case on February 22, 2021.

Tehuti's initial pleading (ECF No. 3) and amended complaint (ECF No. 7) in this case are generally incoherent and nonsensical. Without elaboration, he states that Craig Smith violated the Administrative Procedures Act of 1946, obstructed the administration of justice, and violated his constitutional rights by "allowing a defaulted party a second bite at the apple." Am. Compl. 4, 7. Tehuti further alleges that "[t]he Defendants have destroyed by [sic] homestead property tore down my barns, home, and fences. This was all done under a TRO in the 101st Judicial District Court and the COVID 19 Pandemic." *Id*. 5. He makes passing reference to numerous federal statutes, the UCC, the Texas Constitution, and common law, *id*. 2, 8, 11, 13, 15, and he attaches, as exhibits, affidavits, random pages from recorded documents and the Dallas County Appraisal District website, and invoices showing he is owed more than $500,000, *id*. 35-58.

Having screened this lawsuit, the Court recommends dismissing Tehuti's claims because they are barred by judicial immunity and the *Rooker-Feldman* doctrine. The Court should again warn Tehuti that it could sanction him if he persists in filing frivolous lawsuits.

## Legal Standards and Analysis

Tehuti's lawsuit is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Tehuti's pleadings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

### 1. *Rooker-Feldman* Doctrine

As best the Court can tell, Tehuti's lawsuit arises out of dissatisfaction with proceedings in one or more Dallas County District Courts—apparently a summary judgment entered by then Judge Smith. The finality of those state proceedings implicates the application of the *Rooker-Feldman* doctrine, which requires dismissal of Tehuti's claims.

"Absent specific law otherwise providing, [the *Rooker-Feldman*] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). The *Rooker-Feldman* doctrine is "narrow" in scope, and it only applies where a plaintiff seeks the "review and rejection" of a state court judgment. *Saloom v. Texas Dept. of Family and Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014) (per curiam) (quoting *Exxon Mobile Corp. v. Sau Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Here, Tehuti appears to attack the validity of a judgment entered by Craig Smith in District Court in Dallas County, Texas. Compl. 10 (asserting that that the state court's judgment is "void"). Thus, this lawsuit is precluded by the *Rooker-Feldman* doctrine, and the Court should dismiss Tehuti's

4

claims. *See Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (litigants who are unsuccessful in state court "may not obtain review of state court actions by filing those complaints about those actions in lower federal courts cast in the form of civil rights suits.") (citation omitted); *Spencer v. Wilson*, 2020 WL 822096, at *4 (S.D. Tex. Feb. 18, 2020) ("If a federal plaintiff's alleged injury arises from an 'allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision,' then *Rooker-Feldman* bars the federal court's jurisdiction.") (quotation omitted).

### 2. Judicial Immunity

Further, to the extent Tehuti asserts claims against Craig Smith for actions Smith took in his capacity as a state judge, Tehuti's claims are precluded by judicial immunity. It is well-established that judges and judicial officers are generally protected by absolute immunity for judicial actions they take within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009); *Sparks v. Duval Cty. Ranch Co., Inc.*, 588 F.2d 124, 125 (5th Cir. 1979) (per curiam). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted). In the Fifth Circuit, a four-part test is used to determine whether an act is "judicial in nature": (1) the alleged act is a normal judicial function; (2) the act occurred in the judge's courtroom or chambers; (3) the controversy involved a case

5

pending before the judge; and (4) the act arose directly out of a visit to the judge in his official capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005); *Ammons*, 705 F.2d at 1447 (citing *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir.1982)). The four factors are to be "broadly construed in favor of immunity." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985).

Tehuti alleges that Smith engaged in conduct that rendered the judgment against Tehuti "void." Compl. 10 (ECF No. 3). He further alleges that Craig Smith violated his constitutional rights when the judge allowed adverse parties to have a second chance and did not strictly enforce the legal rules governing default judgment. Tehuti's allegations against Craig Smith arise from acts allegedly taken within the course and scope of Smith's role as a judicial officer. Therefore, Craig Smith is entitled to judicial immunity.

## Conclusion

The Court recommends that Tehuti's lawsuit be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The Court should again warn Tehuti that it could sanction him if he persists in filing frivolous lawsuits.

**SO RECOMMENDED**

Signed June 2, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).